**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SUSAN MILEWSKI, | ) |
| on behalf of plaintiff and a class, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CORPORATE TAILGATE LLC, d/b/a | ) |
| Wheaton Tickets, JOSEPH BROWN, | ) |
| and JOHN DOES 1-10, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT  – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1.      Plaintiff Susan Milewski brings this action to secure redress for the actions of defendant Corporate Tailgate LLC, d/b/a Wheaton Tickets, and Joseph Brown in sending or causing the sending of unsolicited  text message calls ("spam")  to cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2.      In order to protect the privacy of cellular subscribers, and to avoid forcing recipients of spam to pay for it, the TCPA prohibits automated text messages to cellular phones.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.  Brill v. Countrywide Home Loans, Inc., 427 F.3d 446  (7th Cir. 2005).

4.      Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

a.      Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

b.      Have transacted business in Illinois.

c.      Are located in Illinois.

1

5. Venue in this District is proper for the same reason.

## PARTIES

6. Plaintiff Susan Milewski is an individual who resides in the Northern District of Illinois.

7. Defendant Corporate Tailgate LLC, doing business as Wheaton Tickets, is a limited liability company, not in good standing.  Its registered agent is National Registered Agents, Inc., 200 W. Adams, Chicago, IL 60606.   Its principal office is located at 440 S. Knoll St., Wheaton, IL 60187.

8. Defendant Joseph Brown is the sole member of Corporate Tailgate LLC, and authorized and directed its advertising practices, including those described herein.  He may be found at 440 S. Knoll St., Wheaton, IL 60187.

9. Defendants John Does 1-10 are other natural or artificial persons that were involved in the sending of the text message calls described below.  Plaintiff does not know who they are.

## FACTS

10. On or about March 19, 2010, plaintiff received the following text message on her cell phone:   "Chat with 6306896708.  Baseball Season: Cubs, Sox, Blackhawks, Bulls tickets, cheap!  WheatonTickets.com 630-260-0626."

11. Defendants Corporate Tailgate LLC and Joseph Brown are responsible for making or causing the making of the text message calls.

12. Plaintiff had no prior relationship with defendant and had not authorized the calls.

13. On information and belief, the text message calls were made as part of a mass broadcasting of text message calls.

14. On information and belief, defendants have made unsolicited text message calls to cellular telephones of at least 40 other persons in Illinois.

2

15.     There is no reasonable means for plaintiff or other recipients of defendants' text message calls to avoid receiving them.

16.     The TCPA,  47 U.S.C. § 227, prohibits unsolicited text message calls to cell phones:

> **. . . (b) Restrictions on use of automated telephone equipment.**
>
> **(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--**
>
> **(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–  * * ***
>
> **(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . .**

## COUNT I – TCPA

17.     Plaintiff incorporates ¶¶ 1-16.

18.     The TCPA,  47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C)  both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

19.     Plaintiff and each class member suffered damages as a result of receipt of

the unsolicited text message calls.   Furthermore, plaintiff's statutory right of privacy was invaded.

      20.    Plaintiff and each class member is entitled to statutory damages.

      21.    Defendants violated the TCPA even if their actions were only negligent.

      22.    Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

      23.    Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) were sent unsolicited text message calls by or on behalf of "WheatonTickets.com".

      24.    The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

      25.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.   The predominant common questions include:

      a.    Whether defendants engaged in a pattern of sending automated text message calls.

      b.    Whether defendants thereby violated the TCPA;

      c.    Whether defendants thereby engaged in unfair  acts and practices, in violation of the ICFA.

      26.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

      27.    A class action is an appropriate method for the fair and efficient

adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

28. Several courts have certified class actions under the TCPA. Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Hinman v. M & M Rental Ctr., 06 C 1156, 2008 U.S. Dist. LEXIS 27835 (N.D.Ill., April 7, 2008); Kavu, Inc. v. Omnipak Corp., 246 F.R.D. 642 (W.D.Wash. 2007); Gortho, Ltd., v. Websolv, 03 CH 15615 (Cir. Ct. Cook Co., March 6, 2008); Travel 100 Group, Inc. v. Empire Cooler Service, Inc., 03 CH 14510, 2004 WL 3105679 (Cook Co. Cir. Ct., Oct. 19, 2004); Rawson v. C.P. Partners LLC, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); Lampkin v. GGH, Inc., 146 P.3d 847 (Okla. Ct. App. 2006); Display South, Inc. v. Express Computer Supply, Inc., 961 So.2d 451, 455 (La. App. 1st Cir. 2007); ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc., 203 Ariz. (App.) 94, 50 P.3d 844 (2002); Core Funding Group, LLC v. Young, 792 N.E.2d 547 (Ind.App. 2003); Nicholson v. Hooters of Augusta, Inc., 245 Ga.App. 363, 537 S.E.2d 468 (2000) (private class actions); see State of Texas v. American Blast Fax, Inc., 164 F. Supp. 2d 892 (W.D. Tex. 2001) (state enforcement action).

29. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

        a.     Actual damages;

        b.     Statutory damages;

        c.     An injunction against further text message calls to cellular telephones;

        d.     Costs of suit;

        e.     Such other or further relief as the Court deems just and proper.

## COUNT II – ICFA

30.     Plaintiff incorporates ¶¶ 1-16.

31.     Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by making automated text message calls to cellular telephones of plaintiff and others.

32.     Such calls are contrary to the TCPA and also Illinois public policy.

33.     Defendants engaged in an unfair practice by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients.

34.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited text message calls.

35.     Defendants engaged in such conduct in the course of trade and commerce.

36.     Defendants' shifting of costs to plaintiff and the class members in this manner makes such practice unfair.  In addition, defendants' conduct was contrary to public policy, as established by the TCPA..

37.     Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

38.     Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with cell phones registered to Illinois area codes (b) who, on or after a date 3 years prior to the filing of this action, and on or before a date 20 days following the filing of this action, (c) were sent text message calls by or on behalf of "WheatonTickets.com".

39.     The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

40.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.       Whether defendants engaged in a pattern of sending automated text message calls.

b.       Whether defendants thereby violated the TCPA;

c.       Whether defendants thereby engaged in unfair  acts and practices, in violation of the ICFA.

41.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

42.     A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

43.     Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.        Appropriate damages;

b.       An injunction against further text message calls to cellular telephones;

c.       Attorney's fees, litigation expenses and costs of suit;

d.       Such other or further relief as the Court deems just and proper.

s/Daniel A. Edelman
Daniel A. Edelman

7

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)