IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN MILEWSKI, on behalf of Plaintiff and a class, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case 1:10-cv-01977 |
| ) | |
| CORPORATE TAILGATE LLC, d/b/a Wheaton ) | Hon. James F. Holderman |
| Tickets, JOSEPH BROWN, and JOHN DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

## JOSEPH BROWN'S MOTION TO DISMISS

Defendant, Joseph Brown ("Brown"), by and through his attorneys, RATHJE & WOODWARD, LLC, respectfully moves this Court pursuant to Fed. R. Civ. Pro.12(b)(6) to dismiss this cause for lack of subject matter jurisdiction. In support of his motion, Brown states as follows:

### INTRODUCTION

1. Plaintiff's complaint purports to state causes of action against Corporate Tailgate, LLC and Brown for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA"). Plaintiff alleges that this Court may exercise subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331, because original federal-question jurisdiction exists under the TCPA. (Compl., ¶3). Plaintiff is wrong. The TCPA does not provide for original federal-question jurisdiction, and the complaint should be dismissed pursuant to Fed. R. Civ. Pro. 12 (b)(6) for lack of subject matter jurisdiction.

### ARGUMENT

I. NO FEDERAL-QUESTION JURISDICTION EXISTS UNDER THE TCPA.

2. In pertinent part, § 227(b)(3) of the TCPA provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, *bring in an appropriate court of that State:*

  (A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

  (B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

  (C)  both such actions.

(Emphasis added). The plain language of the TCPA divests federal courts of federal-question jurisdiction. *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 (2d Cir. 2006).

  3. Much like the Second Circuit, the Seventh Circuit has interpreted §227(b)(3) to mean that federal courts may exercise jurisdiction over disputes arising under the TCPA on the basis of diversity. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). It has also found federal jurisdiction to be proper for claims arising under the TCPA on the basis of the Class Action Fairness Act, as well as §1441, and §1453. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2006). However, the Seventh Circuit has never held that original federal-question jurisdiction exists under the TCPA.

  4. While the Seventh Circuit has not addressed the issue of whether federal-question jurisdiction exists under the TCPA, six federal courts of appeals have, and each has held that an action to enforce the TCPA may not be filed, or removed, solely on the basis of federal-question jurisdiction. *See Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd.*, 156 F.3d 432 (2d Cir. 1998); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513 (3d Cir. 1998); *International Science & Technology Institute, Inc. v. Inacom Communications, Inc.*, 106 F.3d 1146 (4th Cir. 1997); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507 (5th Cir. 1997); *Murphy v. Lanier*, 204 F.3d 911 (9th Cir. 2000); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287 (11th Cir. 1998).

5. In this case, Plaintiff relies exclusively (and erroneously) upon §1331, to establish that jurisdiction is proper in this Court. Notably, Plaintiff does not assert diversity jurisdiction. Nor does she seek removal of this cause under the provisions of the Class Action Fairness Act ("CAFA"), or under §1453. Instead, Plaintiff relies solely upon a non-existent federal-question to establish that subject matter jurisdiction is appropriate in this Court. (Compl., ¶3). As there is no federal-question implicated by TCPA, there is no basis for federal jurisdiction in this suit.

6. As the proponent of federal jurisdiction, Plaintiff bears the burden of establishing jurisdiction, and bears the risk of non-persuasion. *Brill*, 427 F.3d at 447-48. For the reasons set forth above, Plaintiff cannot establish that federal-question jurisdiction is proper under TCPA, and her complaint should be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Defendant, Joseph Brown, respectfully requests that this Court enter and order dismissing this matter with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6) for lack of subject matter jurisdiction.

Dated: July 13, 2010    Respectfully submitted,

/s/ Abigail J. Jung
Scott E. Pointner (ARDC 6237887)
Abigail J. Jung (ARDC 6290389)
RATHJE & WOODWARD, LLC
300 E Roosevelt Road, Suite 300
Wheaton, IL 60187
T: 630.668.8500
F: 630.668.9218

*Counsel for Plaintiff*

3

CERTIFICATE OF SERVICE

I, Abigail Jung, an attorney, certify that I caused a copy of the foregoing Motion to Dismiss to be filed with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system, which provides notification of such filing to the following persons, as indicated below, on July 13, 2010:

*Via* Electronic Filing
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, 18th Floor
Chicago, IL 60603

*Counsel for Plaintiff*

/s/ Abigail J. Jung