UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Susan Milewski | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  10 C 1977 |
| | ) | |
| | ) | Judge James F. Holderman |
| Corporate Tailgate, LLC | ) | |
| Defendant. | ) | |

**STANDING ORDER RELATING TO THE
DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

This court is participating in the Pilot Program initiated by the Seventh Circuit Electronic Discovery Committee.  Parties and counsel in the Pilot Program with civil cases pending in this Court shall familiarize themselves with, and comport themselves consistent with, that committee's Principles Relating to the Discovery of Electronically Stored Information.  For more information about the Pilot Program please see the web site of The Seventh Circuit Bar Association, www.7thcircuitbar.org.  If any party believes that there is good cause why a particular case should be exempted, in whole or in part, from the Principles Relating to the Discovery of Electronically Stored Information, then that party may raise such reason with the Court.

*General Provisions*

**Section 1.01 Purpose**

The purpose of the Principles is to assist courts in the administration of Federal Rule of Civil Procedure 1, to secure the just, speedy, and inexpensive determination of every civil case, and to promote, whenever possible, the early resolution of disputes regarding the discovery of electronically stored information  ("ESI") without Court intervention.  Understanding of the feasibility, reasonableness, costs, and benefits of various aspects of electronic discovery will inevitably evolve as judges, attorneys and parties to litigation gain more experience with ESI and as technology advances.

**Section 1.02 Cooperation**

An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner.  The failure of counsel or the parties to litigation to cooperate

in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

**Section 1.03 Discovery Proportionality**

The proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C) should be applied in each case when formulating a discovery plan.  To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable.

*Early Case Assessment Provisions*

**Section 2.01 Duty to Meet and Confer on Discovery and to Identify Disputes for Early Resolution**

(a)     Prior to the initial status conference with the Court, counsel shall meet and discuss the application of the discovery process set forth in the Federal Rules of Civil Procedure and the Principles to their specific case.  Among the issues to be considered for discussion are:

(1)    the identification of relevant and discoverable ESI;

(2)    the scope of discoverable ESI to be preserved by the parties;

(3)    the formats for preservation and production of ESI;

(4)    the potential for conducting discovery in phases or stages as a method for reducing costs and burden; and

(5)    the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence.

(b)     Disputes regarding ESI that counsel for the parties are unable to resolve shall be presented to the Court at the initial status conference, Fed. R. Civ. P. Rule 16(b) Scheduling Conference, or as soon as possible thereafter.

(c)     Disputes regarding ESI will be resolved more efficiently if, before meeting with opposing counsel, the attorneys for each party review and understand how their client's data is stored and retrieved in order to determine what issues must be addressed during the meet and confer discussions.

(d)     If the Court determines that any counsel or party in a case has failed to cooperate and participate in good faith in the meet and confer process or is impeding the purpose of the

Principles, the Court may require additional discussions prior to the commencement of discovery, and may impose sanctions, if appropriate.

**Section 2.02 E-Discovery Liaison(s)**

In most cases, the meet and confer process will be aided by participation of an e-discovery liaison(s) as defined in the Principle. In the event of a dispute concerning the preservation or production of ESI, each party shall designate an individual(s) to act as e-discovery liaison(s) for purposes of meeting, conferring, and attending court hearings on the subject. Regardless of whether the e-discovery liaison(s) is an attorney (in-house or outside counsel), a third party consultant, or an employee of the party, the e-discovery liaison(s) must:

(a) be prepared to participate in e-discovery dispute resolution;

(b) be knowledgeable about the party's e-discovery efforts;

(c) be, or have reasonable access to those who are, familiar with the party's electronic systems and capabilities in order to explain those systems and answer relevant questions; and

(d) be, or have reasonable access to those who are, knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues, and relevant information retrieval technology, including search methodology.

**Section 2.03 (Preservation Requests and Orders)**

(a) Appropriate preservation requests and preservation orders further the goals of the Principles. Vague and overly broad preservation requests do not further the goals of the Principles and are therefore disfavored. Vague and overly broad preservation orders should not be sought or entered. The information sought to be preserved through the use of a preservation letter request or order should be reasonable in scope and mindful of the factors set forth in Rule 26(b)(2)(C).

(b) To the extent counsel or a party requests preservation of ESI through the use of a preservation letter, such requests should attempt to ensure the preservation of relevant and discoverable information and to facilitate cooperation between requesting and receiving counsel and parties by transmitting specific and useful information. Examples of such specific and useful information include, but are not limited to:

(1) names of the parties;

(2) factual background of the potential legal claim(s) and identification of potential cause(s) of action;

      (3)    names of potential witnesses and other people reasonably anticipated to have relevant evidence;

      (4)    relevant time period; and

      (5)    other information that may assist the responding party in assessing what information to preserve.

(c)    If the recipient of a preservation request chooses to respond, that response should provide the requesting counsel or party with useful information regarding the preservation efforts undertaken by the responding party. Examples of such useful and specific information include, but are not limited to, information that:

      (1)    identifies what information the responding party is willing to preserve and the steps being taken in response to the preservation letter;

      (2)    identifies any disagreement(s) with the request to preserve; and

      (3)    identifies any further preservation issues that were not raised.

(d)    Nothing in the Principles shall be construed as requiring the sending of a preservation request or requiring the sending of a response to such a request.

**Section 2.04 Scope of Preservation**

(a)    Every party to litigation and its counsel are responsible for taking reasonable and proportionate steps to preserve relevant and discoverable ESI within its possession, custody or control. Determining which steps are reasonable and proportionate in particular litigation is a fact specific inquiry that will vary from case to case. The parties and counsel should address preservation issues at the outset of a case, and should continue to address them as the case progresses and their understanding of the issues and the facts improves.

(b)    Discovery concerning the preservation and collection efforts of another party may be appropriate but, if used unadvisedly, can also contribute to the unnecessary expense and delay and may inappropriately implicate work product and attorney-client privileged matter. Accordingly, prior to initiating such discovery a party shall confer with the party from whom the information is sought concerning: (i) the specific need for such discovery, including its relevance to issues likely to arise in the litigation; and (ii) the suitability of alternative means for obtaining the information. Nothing herein exempts deponents on merits issues from answering questions concerning the preservation and collection of their documents, ESI, and tangible things.

(c)    The parties and counsel should come to the meet and confer conference prepared to discuss the claims and defenses in the case including specific issues, time frame, potential

damages, and targeted discovery that each anticipates requesting.  In addition, the parties and counsel should be prepared to discuss reasonably foreseeable preservation issues that relate directly to the information that the other party is seeking.  The parties and counsel need not raise every conceivable issue that may arise concerning its preservation efforts; however, the identification of any such preservation issues should be specific.

     (d)     The following categories of ESI generally are not discoverable in most cases, and if any party intends to request the preservation or production of these categories, then that intention should be discussed at the meet and confer or as soon thereafter as practicable:

          (1)     "deleted," "slack," "fragmented," or "unallocated" data on hard drives;

          (2)     random access memory (RAM) or other ephemeral data;

          (3)     on-line access data such as temporary internet files, history, cache, cookies, etc.;

          (4)     data in metadata fields that are frequently updated automatically, such as last-opened dates;

          (5)     backup data that is substantially duplicative of data that is more accessible elsewhere; and

          (6)     other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business.

     (e)     If there is a dispute concerning the scope of a party's preservation efforts, the parties or their counsel must meet and confer and fully explain their reasons for believing that additional efforts are, or are not, reasonable and proportionate, pursuant to Rule 26(b)(2)(C).  If the parties are unable to resolve a preservation issue, then the issue should be raised promptly with the Court.

**Section 2.05 Identification of Electronically Stored Information**

     (a)     At the Rule 26(f) conference or as soon thereafter as possible, counsel or the parties shall discuss potential methodologies for identifying ESI for production.

     (b)     Topics for discussion may include, but are not limited to, any plans to:

          (1)     eliminate duplicative ESI and whether such elimination will occur only within each particular custodian's data set or whether it will occur across all custodians;

    (2)    filter data based on file type, date ranges, sender, receiver, custodian, search terms, or other similar parameters; and

    (3)    use keyword searching, mathematical or thesaurus-based topic or concept clustering, or other advanced culling technologies.

**Section 2.06 Production Format**

(a)    At the Rule 26(f) conference, counsel and the parties should make a good faith effort to agree on the format(s) for production of ESI (whether native or some other reasonably usable form). If counsel or the parties are unable to resolve a production format issue, then the issue should be raised promptly with the Court.

(b)    ESI stored in a database or a database management system often can be produced by querying the database for discoverable information, resulting in a report or a reasonably usable and exportable electronic file for review by the requesting counsel or party.

(c)    ESI and other tangible or hard copy documents that are not text-searchable need not be made text-searchable.

(d)    Generally, the requesting party is responsible for the incremental cost of creating its copy of requested information. Counsel or the parties are encouraged to discuss cost sharing for optical character recognition (OCR) or other upgrades of paper documents or non-text-searchable electronic images that may be contemplated by each party.

*Education Provisions*

**Section 3.01**

Because discovery of ESI is being sought more frequently in civil litigation and the production and review of ESI can involve greater expense than discovery of paper documents, it is in the interest of justice that all judges, counsel and parties to litigation become familiar with the fundamentals of discovery of ESI. It is expected by the judges adopting the Principles that all counsel will have done the following in connection with each litigation matter in which they file an appearance:

    (1)    Familiarize themselves with the electronic discovery provisions of Federal Rules of Civil Procedure, including Rules 26, 33, 34, 37, and 45, as well as any applicable State Rules of Procedure;

    (2)    Familiarize themselves with the Advisory Committee Report on the 2006 Amendments to the Federal Rules of Civil Procedure, available at www.uscourts.gov/rules/EDiscovery_w_Notes.pdf; and

      (3)      Familiarize themselves with the Principles.

**Section 3.02**

Judges, attorneys and parties to litigation should also consult The Sedona Conference® publications relating to electronic discovery[1], additional materials available on web sites of the courts[2], and of other organizations[3] providing educational information regarding the discovery of ESI.[4]

                                      ENTER:

Dated: July 16, 2010                        *James F. Holderman*
                                        James F. Holderman
                                      United States District Judge

---

[1] http://www.thesedonaconference.org/content/miscFiles/publications_html?grp=wgs110

[2] E.g. http://www.ilnd.uscourts.gov/home/

[3] E.g. http://www.7thcircuitbar.org, www.fjc.gov (under Educational Programs and Materials)

[4] E.g. http://www.du.edu/legalinstitute